IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE ROGERS,

                                        Petitioner,

    v.                                                     OPINION AND ORDER

WARDEN E. EMMERICH,                              25-cv-245-wmc

                                        Respondent.

---

Petitioner Terrance Rogers is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Rogers has filed a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence. (Dkt. #1.) Specifically, Rogers contends that the BOP has incorrectly calculated time credits on his sentence, and that his placement in a halfway house has been delayed, as the result of BOP's faulty application of a policy found in 28 C.F.R. § 523.42 on earned time credits under the First Step Act. Because Rogers admits he did not attempt to exhaust administrative remedies as required, the petition will be dismissed for the reasons explained below.

OPINION

Petitioner is currently incarcerated as the result of a federal conviction for conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)1), (b)(1)(B), and 846 in *United States v. Terrance Rogers*, No. 4:23-CR-17-01 (S.D. Iowa). In a judgment imposed on December 1, 2023, petitioner received a sentence of 144 months'

imprisonment that was later reduced to 39 months.  (Dkt. #1-1, at 2.)  Records provided by petitioner show that, as of February 27, 2025, his projected release date is July 16, 2025.  (*Id.*)

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241).  To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies.  *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff.  28 C.F.R. § 542.13(a).  If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated.  28 C.F.R. § 542.14(a).  If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days.  28 C.F.R. § 542.15(a).  If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days.  *Id*.  Exhaustion of administrative

remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Petitioner concedes that he did not attempt any step of the administrative remedy process before filing his petition. (Dkt. #1, at 7.) Although petitioner alleges that he would be prejudiced by the delay that the exhaustion process may require, the delay appears to have been at least, in part, petitioner's own making as he waited until just before his projected release date to challenge the calculation of time credits that have accrued from the start of his sentence. Moreover, he does not demonstrate that it would be futile to pursue administrative remedies in connection with his claims. "Where, as here, a petitioner complains that errors have been made with respect to internal BOP policies and calculations, it is the BOP that must be given the first opportunity to correct any such errors." *Beam v. Sproul*, No. 3:24-cv-2255, 2025 WL 1359903, at *1 (S.D. Ill. Apr. 10, 2025) (citing *Ramirez v. Zuercher*, No. 08-1283, 2008 WL 4724289, at *2 (C.D. Ill. Oct. 24, 2008)). Thus, the court concludes that requiring administrative exhaustion in this case will give the prison system "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and will promote efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Therefore, the petition will be dismissed without prejudice as unexhausted.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Terrance Rogers (dkt. #1) is DISMISSED without prejudice for lack of exhaustion.

2. The clerk of court shall enter judgment and close this case.

Entered on this 18th day of June, 2025.

                          BY THE COURT:

                          /s/
                          _____
                          WILLIAM M. CONLEY
                          District Judge